## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

**-   Alexandria Division   -**

| | |
|---|---|
| **ERIK J. CARDIN** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **versus** ) | **Case No.:  1:19-cv-** |
| ) | |
| **LEAH M. OLSZEWSKI** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| **1405 S. Fern Street, #522** ) | |
| **Arlington, VA  22202** ) | |

## COMPLAINT FOR DAMAGES AND
## FOR INJUNCTIVE RELIEF

### Summary

Leah Olszewski has repeatedly made seriously false statements about Erik Cardin.   Erik J. Cardin was a Senior Master Sergeant in the United States Air Force; he is now retired.

Ms. Olszewski has publicly stated as recently as September 2019 regarding SMSgt (Ret) Erik Cardin:

> [1] [H]e led me to believe he was with Air Force Special Operations Command (AFSOC). Little did I know then that AFSOC had fired and kicked him out 2 years prior, in 2014, for abuse on service members ...

Ms. Olszewski's statement is untrue.

> [2] [Erik] Cardin had assaulted me 5 times, including strangulation in July of
> that year. ...

This statement is also false.

> [3] On October 11, 2017 SMSgt (Ret) Cardin committed the worst assault on me
> yet. Knowing I was pregnant this evening he, among other things, pulled back both
> of his legs and kicked me with the full force of both of his feet in the abdomen, so
> hard I flew off our bed and into closet doors, knocking them off their tracks. He
> then grabbed and pulled my hair, not allowing me to leave, took my phone, and
> then grabbed and pushed me down at the top of stairs as he often did ...

> [4] He kicked me in the abdomen with both of his feet. He knew I was pregnant. I
> called the police, and he ran from the house. Over the next three days, I miscarried.

These statements are false – they are Ms. Olszewski's fabrications.  She was not pregnant,

and SMSgt (Ret) Cardin did not assault her.

> [5] [Erik] Cardin continues to threaten me, retaliate, and follow me with no
> consequence while I continue to live in fear and spend time, money and energy to
> stay safe and get away from him.

Again, an untrue statement.

The above five statements are from Ms. Olszewski's testimony in a September 18,
2019 Congressional Hearing.  At her urging, and with her full cooperation, the statements
were included in published news reports across the United States, on ABC News, National
Public Radio, and in an October 23, 2019 feature (updated on October 24, 2019) in *The
Huffington Post*.  The publications identified SMSgt (Ret) Cardin by name – any Google
search for information on SMSgt (Ret) Cardin will today identify the above statements found
in multiple publications.

Ms. Olszewski's statements are core to her personal campaign to destroy Erik Cardin.
She had pursued and tormented him since he left their romantic relationship in October 2017,
and she shows every sign that she plans to continue her campaign against him.

Here's the fuller story:

Erik Cardin and Leah Olszewski lived together for six months in California in 2017. At the time, Cardin was a Senior Master Sergeant in the United States Air Force.

SMSgt (Ret) Cardin left the relationship. Since then, Ms. Olszewski has made threats regarding Cardin and has filed multiple reports and claims. She continues her pursuit of SMSgt (Ret) Cardin with her objective an Air Force court martial.

### Leah Olszewski's Threats and 15 False Claims/Complaints against Erik Cardin

Oct. 11, 2017    Police Report – Vacaville, CA
Nov 30, 2017    Police Report – Vacaville, CA

> *Now im going to support the DA so youll end up with midemanor  and no guns the rest of ur days.*
>
> *And im going to file with the air force.*
> *So osi and jag will know.  And youll be reprimanded.  This is what u asked for*
>
> *By not being capable of being a man*
> *And a decent human being*
>
> *And u can forget unc and Syracuse*

Nov. 17, 2017   Complaint of Air Force Family Adv. Program
Jan. 3, 2018   Report to Air Force Security Forces
March 3, 2018   Complaint to Congressman John Garamendi
March 27, 2018   Complaint to Secretary of the Air Force
Apr. 13, 2018   Claim to Air Force Office of Special Investigation

Aug. 2018   Petition for Protective Order – Santa Rosa County (FL)
Sept. 20, 2018  Petition for Protective Order – Solano County (CA)

May 7, 2019   Stalking Claims -- Alexandria (VA)
May 7, 2019  Petition for Protective Order -- Fairfax County (VA)

Jun. 27, 2019   Title IX Claims -- Syracuse University

COMPLAINT FOR DAMAGES and INJUNCTIVE RELIEF

Twelve times Ms. Olszewski has filed claims against SMSgt (Ret) Cardin. The FIGURE above lists Ms. Olszewski's multiple claims. In red italics in the FIGURE is her specific threat from November 11, 2017.

Their relationship was romantic. By mid-October 2017, the relationship had become very difficult and strained; Erik Cardin left the relationship on October 11, 2017. Since then, Ms. Olszewski has pursued and tormented Cardin with criminal complaints, public accusations, and internet postings in which she accuses Erik Cardin of abusing her, assaulting her, and causing her to miscarry, and stalking her across multiple states. Her accusations are false. But the public accusations have real consequences.

In every instance where Ms. Olszewski has made accusations that that led to civil or criminal charges against Erik Cardin, the charges have been rejected and/or dismissed. In ruling on Ms. Olszewski's Petition a Protective Order, a Florida judge described the events as "a bad breakup." He continued, "I don't have any medical evidence. I don't have any pictures of any bruises or injuries." He denied the Petition.

Ms. Olszewski did not stop with her claims, including her criminal claims. She has made multiple public accusations against SMSgt (Ret) Cardin on her website, in published interviews, and in public forums and hearings, including testimony to a Congressional Committee. In her statements, she repeats her accusation that SMSgt (Ret.) Cardin abused her, assaulted her, and stalked her. These statements are false and defamatory.

SMSgt (Ret) Cardin brings this lawsuit seeking compensatory and punitive damages. He also seeks injunctive relief to put an end to Mr. Olszewski's personal campaign aimed at him. She has abused the courts and the legal system, and likely will continue to do so unless stopped by the courts.

COMPLAINT FOR DAMAGES and INJUNCTIVE RELIEF

## PARTIES

1.      Plaintiff ERIK J. CARDIN, formerly a Senior Master Sergeant in the United States Air Force, is a citizen of the State of Maine. SMSgt (Ret.) Cardin, age 46, retired from the Air Force in September 2018. While in the Air Force, he served as a C-130 loadmaster.

2.      SMSgt (Ret) Cardin, who served in the U.S. Armed Services for over 21 years, is the recipient of multiple military honors that include the Meritorious Service Medal, the Distinguished Flying Cross with Valor, and two Bronze Star Medals.

3.      Defendant LEAH M. OLSZEWSKI is a citizen of the Commonwealth of Virginia. She is 45 years old. Ms. Olszewski served in the enlisted ranks in the US Army; she today is (or until recently was) a Major in the Alabama Army National Guard. Ms. Olszewski current address is 1405 S. Fern Street, #522, Arlington, VA 22202.

## JURISDICTION and VENUE

4.      Ms. Olszewski resides in Arlington, Virginia, within the Eastern District of Virginia, and the events underlying the claims occurred in part in this District. This Court has personal jurisdiction over the parties.

5.      The parties to the lawsuit are citizens of different states and the amount in controversy is greater than $75,000. This Court has subject matter jurisdiction over this dispute pursuant to 28 USC § 1332(a).

6.      As the Defendant resides in Arlington and some of the events underlying this Complaint occurred in this District, venue is proper in this Court under 28 USC § 1391(b)(1) and (b)(2).

## MATERIAL FACTS

7.      Erik Cardin and Ms. Olszewski lived together in California in a romantic
relationship from April 2017 to October 2017.  The relationship ended when SMSgt (Ret.)
Cardin moved out on October 11, 2017.

### 1. The False Statements in September/October 2019.

8.      Ms. Olszewski has publicly stated as recently as September 2019 regarding
SMSgt (Ret) Cardin:

> "[H]e led me to believe he was with Air Force Special Operations Command
> (AFSOC). Little did I know then that AFSOC had fired and kicked him out 2 years
> prior, in 2014, for abuse on service members …

This statement, made in Ms. Olszewski's September 18, 2019 Congressional Hearings
testimony, is untrue.

9.      In September 2019 and reprinted and repeated in September-October 2019,
including in a feature article in *The Huffington Post* on October 23, 2019 (which was updated
on October 24, 2019), Ms. Olszewski stated:

> "SMSgt (RET) Cardin had assaulted me 5 times, including strangulation in
> July of that year, …

This statement is also false.

10.     In the same Hearings and subsequent publications and re-publications, Ms.
Olszewski stated:

> On October 11, 2017 SMSgt (RET) Cardin committed the worst assault on me yet.
> Knowing I was pregnant this evening he, among other things, pulled back both of
> his legs and kicked me with the full force of both of his feet in the abdomen, so hard
> I flew off our bed and into closet doors, knocking them off their tracks. He then
> grabbed and pulled my hair, not allowing me to leave, took my phone, and then
> grabbed and pushed me down at the top of stairs as he often did …

And she continued,

> He kicked me in the abdomen with both of his feet. He knew I was pregnant. I
> called the police, and he ran from the house. Over the next three days, I miscarried.

These statements are false – they are Ms. Olszewski's fabrications. Ms. Olszewski's

accusations were made in her September 18, 2019 Congressional Hearings testimony, and

then with her permission and encouragement printed in the October 23, 2019 (updated

October 24, 2019) edition of *The Huffington Post*, and also broadcast on ABC News.

    11. Ms. Olszewski continues her accusations against Erik Cardin:

> SMSgt (Ret.) Cardin continues to threaten me, retaliate, and follow me with no
> consequence while I continue to live in fear and spend time, money and energy to
> stay safe and get away from him.

Again, an untrue statement. Ms. Olszewski's accusations are from her September 2019

Congressional hearings testimony, and were printed in the October 23, 2019 (updated

October 24, 2019) edition of *The Huffington Post*, and then broadcast on ABC News.

### 2. A Relationship "that ended badly"
### From Northwest Florida to Vacaville, California

    12.    Their relationship began in Northwest Florida in July 2016. Erik Cardin was

stationed at Hurlburt Field, Florida. Ms. Olszewski lived nearby. They met via TINDER, an

online dating service.

    13.    In August 2016, the Air Force transferred SMSgt (Ret) Cardin to Travis AFB in

Northern California. With more than 20 years of military service, he was eligible to retire from

the Air Force. He set his plans to retire in September 2018.

    14.    Ms. Olszewski followed SMSgt (Ret) Cardin to California. In April 2017, they

shared a rented house in Vacaville, California.

15.     The relationship deteriorated, and the couple argued loudly and frequently.

**October 11, 2017 and Aftermath – Ms. Olszewski's Threats**

16.     Following yet another bitter argument with Ms. Olszewski, on October 11, 2017 Erik Cardin left the shared house and left the relationship.  He made it clear to Ms. Olszewski that their relationship was over.

17.     Ms. Olszewski pleaded with Erik Cardin to return to the relationship, to marry her, and to provide her with children.  She attempted to bring SMSgt (Ret) Cardin's Air Force colleagues and family members into the argument and pestered them to intervene on her behalf.

18.     In November 2017, Erik Cardin advised Ms. Olszewski via Text message that he was coming to retrieve his personal belongings from the shared house.  She protested.  Present when he returned to the house were the Vacaville, California police, SMSgt (Ret) Cardin's commander, First Sergeant, and colleagues from the Air Force.

19.     In an extended Text session on November 11th, Ms. Olszewski threatened Erik Cardin:

> *Now im going to support the DA so youll end up with midemanor and no guns the rest of ur days.*
>
> *And im going to file with the air force.*
>
> *So osi and jag will know.  And youll be reprimanded.  This is what u asked for By not being capable of being a man And a decent human being*
>
> *And u can forget unc and Syracuse*

20.     At that time, Ms. Olszewski made threats of hurting herself – she was escorted by SMSgt (Ret) Cardin's First Sergeant to a mental health facility at Travis AFB, California.

### 3. Police Reports and Complaints Filed with the Air Force
   Vacaville Police Report

21.     On October 11, 2017, Ms. Olszewski made a phone report about Erik Cardin to the Vacaville, California police. The police subsequently questioned Erik Cardin, released him, and passed their report to the Solano County District Attorney. The County District Attorney did not pursue Ms. Olszewski's claims.  Ms. Olszewski was uncooperative with the responding police officers, and her statements and the evidence were inconsistent with her claims of an assault.

22.     Ms. Olszewski returned to the residence in Vacaville.  After Erik Cardin retrieved his personal belongings and paid his share of the rent and utilities, it likely was clear to Ms. Olszewski that indeed the relationship had ended.

23.     On November 30, 2017, Ms. Olszewski filed a second Vacaville Police Report against Erik Cardin regarding the alleged October 11th events, this time changing her story.

24.     The Vacaville police and the Solano County District Attorney took no action on the renewed complaint.

25.     Even though Erik Cardin had moved, had removed his possessions from the former residence, and studiously avoided any contact with Mr. Olszewski, she continued to send emails, voicemails, and Text messages, pleading with him to return to the relationship.

26.     While she was pleading with Erik Cardin to return to the relationship, Ms. Olszewski filed her complaints with the Air Force and Vacaville Police Department.

**Complaint Filed with Air Force Family Advocacy**
**and Air Force Inspector General.**

27.    Ms. Olszewski had threatened SMSgt (Ret) Cardin that if he did not return to the relationship she would file charges against him with the Air Force and seek a court martial.  He did not return to the relationship.

28.    On November 17th, 2017, Ms. Olszewski filed her complaint with the Air Force Family Advocacy Program.

29.    The Air Force investigated; hearings were held on December 19, 2017 and January 25, 2018 before the Central Registry Board at Travis AFB.  The investigators concluded that there was no basis for Ms. Olszewski's claims of physical and emotional abuse by SMSgt (Ret) Cardin.

30.    But, after reviewing the evidence, the investigators opened an investigation of Ms. Olszewski's conduct.  They concluded that there was a basis for claims against Ms. Olswezski for her emotional abuse of SMSgt (Erik) Cardin. As a result, Ms. Olszewski was subsequently placed on a register where she is currently banned from occupying jobs on Air Force Bases working with or near children.

31.    The Air Force, however, did reprimand SMSgt (Ret) Cardin for threats made in a very ugly California telephone call with Ms. Olszewski, a call that she initiated and recorded.

32.    Displeased with the hearing results, Ms. Olszewski filed a complaint with the Air Force Inspector General regarding the Family Advocacy Board hearing and outcome.  The Inspector General determined that the Air Force Family Advocacy personnel properly handled the investigation and hearing regarding Ms. Olszewski's complaint against SMSgt (Ret) Cardin.

### Ms. Olszewski Elevates Complaint to Congress
### and the Secretary of the Air Force.

33.    After the second rebuke, Ms. Olszewski was furious.  She was more determined to carry-out her prior threats against Erik Cardin.

34.    Ms. Olszewski contacted Rep. John Garamendi, the Congressional representative for the 3rd District in California.  She filed yet another complaint.  Her complaint was referred back to the Air Force.

35.    The Air Force investigated Ms. Olszewski's Congressional complaint against SMSgt (Ret) Cardin.  The inquiry concluded that the Air Force has properly conducted its investigation.

36.    On March 27, 2018, Ms. Olszewski wrote to the Secretary of the Air Force alleging that SMSgt (Ret) Cardin was a known and habitual domestic abuser for over 20 years. The letter lead to another inquiry.  Again, the conclusion was that there was no wrongdoing by SMSgt (Ret) Cardin or by the Air Force.

### Ms. Olszewski's April 2018 Claims to the
### Air Force Office of Special Investigations

37.    Still brimming with anger with Erik Cardin for leaving the relationship and equally angry at the Air Force, Ms. Olszewski alleged in a written report filed on April 13, 2018 with the Air Force Office of Special Investigations that she was pregnant back in October 2017, and that SMSgt Cardin assaulted her and caused a miscarriage.  Five months had passed since the alleged incident at their Vacaville residence. This was her first mention of an alleged pregnancy to the Air Force.

38.     Ms. Olszewski was not pregnant in October 2017, and Erik Cardin had not assaulted her. There was no miscarriage.

39.     Ms. Olszewski's Office of Special Investigations filing, however, left the Air Force with no choice but to open an investigation of SMSgt (Ret) Cardin for assault and "killing an unborn child." The mere fact of the seriousness of allegations and subsequent investigation led to an immediate suspension of SMSgt (Ret) Cardin's pending retirement from the Air Force.

40.     Four months later, on August 13, 2018, the Air Force Office of Special Investigations officially closed its investigation. The Office submitted its report to the Travis AFB Staff Judge Advocate (SJA). The SJA determined that there was insufficient evidence to charge SMSgt (Ret) Cardin with any crime. The matter was closed.

### 4.   SMSgt Cardin Retires from the Air Force

41.     SMSgt (Ret) Cardin's planned retirement proceeded. He retired from the Air Force on September 1, 2018 at his current rank with an Honorable Discharge and full benefits.

### 5.   Complaints and Claims in Florida, California and Virginia

### Santa Rosa County, Florida Protective Order:
### The Florida Court Denies Ms. Olszewski's Petition.

42.     Meanwhile, Ms. Olszewski had returned to Northwest Florida in January 2018.

43.     Ms. Olszewski filed in August 2018 for a Protective Order in Santa Rosa County, Florida. Even though Erik Cardin was not living in Florida, she alleged that she was fearful that he might return to Florida because he owned a house in the area.

44.     Ms. Olszewski's basis for her Petition for a Protective Order in Florida was the police report from October 2017 in Vacaville, CA.

45.     The Santa Rosa County (Florida) Court conducted on September 12, 2018 a hearing on Ms. Olszewski's Petition. After a full evidentiary hearing, the Florida Court found that there was insufficient evidence supporting Ms. Olszewski's claims.  The Florida Court Case No. is 18001260DRMXAX.

46.     The Florida judge described the events as "a bad breakup." He continued, "I don't have any medical evidence.  I don't have any pictures of any bruises or injuries." The Petition was denied.

**Ms. Olszewski Files for Protective Order in Solano County, California**

47.     Furious over the Florida Court's denial of her Petition for a Protective Order, two weeks later Ms. Olszewski filed on September 20, 2018 for a Protective Order in Solano County, California.

48.     Her California Petition asserts that she was living and working in Vacaville, California, and that she feared Erik Cardin would come after her.  The home address she used when filing the California petition was her Florida address.

49.     A hearing on Ms. Olszewski's Petition was set for October 12, 2018.  Erik Cardin appeared for the hearing represented by counsel.  Ms. Olszewski was without counsel and said she was not prepared to go forward.  The Court rescheduled the hearing for a date four months later.

50.     In February 2019, when the matter came before a Commissioner in Solano County, California, it was pushed back to May 17, 2019 for a full trial.  But in May 2019, the matter was continued yet again.  The California Court continued the Protective Order because Ms. Olszewski had signed a sworn affidavit before a Virginia Magistrate in which she accused Erik Cardin of stalking her.

**SMSgt (Ret) Cardin Moved to Washington, DC Area;**
**Employment with Booz Allen.**

51.     SMSgt (Ret) Cardin's post-retirement plans were to return to the Washington,

D.C. area where his TOP SECRET clearance would be helpful in finding appropriate

employment.  He had previously lived in the Maryland suburbs and had friends across the DC

metropolitan area.

52.     Erik Cardin also planned to pursue his MBA degree – he was applying to MBA

programs at Syracuse University and at the University of North Carolina.  He had earned his

undergraduate degree while in the Air Force. He was accepted into the MBA Program at

Syracuse University and began his graduate studies in July 2018.

53.     In December 13, 2018, SMSgt (Ret) Cardin was hired by Booz Allen at a

$102,900 annual salary.  His employment required his TOP SECRET clearance.

54.     His employment and registration of the security clearance would have been

recorded in the JPAS (the military's Joint Personnel Adjudication System) database, a

comprehensive non-public database that includes records of all security clearances and has

record warning flags whenever there is an allegation that might affect an individual's security

clearance.

55.     After finding employment, SMSgt (Ret) Cardin rented an apartment near the

Huntington METRO Station in Alexandria, Virginia. This was close to his place of employment.

56.     Back in 2017, SMSgt Cardin had shared with Ms. Olszewski his future plans

about moving to the DC area and pursuing the MBA degree.

57.     Ms. Olszewski, through her connections to the Alabama National Guard, had

access to the JPAS Database.

58.     On information and belief, Ms. Olszewski learned via the JPAS database that SMSgt (Ret) Cardin had moved to the Washington, DC area and was employed in a position that required the TOP SECRET clearance.

**Virginia Protective Order and Ms. Olszewski's Stalking Claims.**

59.     Ms. Olszewski moved from Florida to Virginia.

60.     Ms. Olszewski claimed that she saw Erik Cardin's truck drive by on April 30, 2019 when she was in the Eisenhower Avenue area in Alexandria, Virginia.

61.     Undeterred by the string of rejections by the Air Force, various investigators, and the Florida Courts, Ms. Olszewski brought new claims to the Alexandria Police Department of Erik Cardin stalking her.  The Alexandria Police determined that the claims did not support stalking charges.

62.     Unsuccessful in Alexandria, on May 7, 2019 Ms. Olszewski appeared before a Virginia magistrate in Fairfax County seeking a Protective Order and again making stalking claims against SMSgt (Ret) Cardin.  She made a sworn statement to the Magistrate.

63.     On information and belief, Ms. Olszewski included in her statement to the Virginia magistrate that the temporary California Protective Order from California was still in place, but she did not explain that the matter lingered because three times it had been continued at Ms. Olszewski's request.  She also made no mention to the Virginia magistrate that the Santa Rosa County, Florida Court's had denied her petition filed in that jurisdiction.

64.     The Virginia magistrate listened to Ms. Olszewski. Erik Cardin had not even been advised of the appearance.  The Virginia Temporary Protective Order was issued along with a warrant for his arrest on Ms. Olszewski's stalking charges.

65.     Erik Cardin was notified of the warrant.  He turned himself in to the Alexandria police.  He was locked-up in the City jail for five days.  It was several days before his Virginia counsel procured his release.

66.     A General District Court hearing was set in the Alexandria Courts.

67.     The June 11, 2019 Alexandria Court hearing went as the prior hearings did – this time the prosecution filed a *Nolle Prosequi* dismissing the criminal charges.

68.     But again Ms. Olszewski was not deterred.  She continued her pursuit of the Protective Order as a civil matter.

69.     The Protective Order came before the Alexandria General District Court on July 10, 2019.  After hearing the evidence, the Alexandria Court denied Ms. Olszewski's Petition and dismissed the matter.

70.     She appealed the General District Court decision to the Circuit Court.  When the matter came before the Alexandria Circuit Court on November 1, 2019, Ms. Olszewski's counsel appeared to inform that Court that the appeal was being withdrawn at Ms. Olszewski's request.

**Back to Solano County, California.**

71.     Still outstanding is Ms. Olszewski's Petition for a Protective Order in Solano County, California.  Three times the trial on this has been continued at Ms. Olszewski's request.

72.     The matter is set for trial on January 21, 2020.

**6.  Booz Allen Employment and Syracuse MBA.**

73.     Ms. Olszewski's claims against SMSgt (Ret) Cardin led to a suspension of his security clearance.  The claims appeared as a warning flag in the JPAS database.  With a JPAS flag in place, the TOP SECRET clearance was suspended.  Without the clearance, SMSgt (Ret) Cardin could not continue with Booz Allen.  Booz Allen terminated his employment.

74.    After losing the Booz Allen job and unable to find comparable employment in the D.C. area, and dealing with the Virginia courts and the continued harassment from Ms. Olszewski, Erik Cardin moved to Maine in June 2019. He now works in Maine at a substantially lower salary, but not in a position that requires a security clearance.

75.    Since July 2018, Erik Cardin has been enrolled in the online MBA program at Syracuse University. Ms. Olszewski tracked down his admission to Syracuse, and she gave a false statement to the university that she was a victim of his domestic abuse and assault, and she filed a formal Title IX complaint against Erik Cardin.

76.    Syracuse initiated an investigation into the matter. Syracuse University determined that Ms. Olszewski's complaints do not meet the criteria for a legitimate Title IX complaint. The investigation was concluded. SMSGT Cardin is back enrolled in the Syracuse MBA program..

7.  **Consequences of the Public False Statements.**

77.    As a direct result of Ms. Olszewski's false statements, Erik Cardin has been financially harmed and his reputation severely damaged.

78.    He was dismissed from this employment with a defense contractor where he was earning a salary of $102,900. These earning projected forward and then discounted to present value, and adjusted to reflect other employment, show economic damages of more than $500,000,

## LEGAL CLAIMS

### Count 1

#### -- Defamation and Defamation *per se* --

79.     Plaintiff Erik J. Cardin, a retired Air Force Senior Master Sargent, repeats and realleges facts as set forth in Paragraphs 1-78 above.

80.     Ms. Olszewski made the false statements cited above in September 2019.  The statements, made in September 18, 2019 Congressional hearings testimony, have, with Ms. Olszewski's permission and encouragement, been published in the national press, on national TV, and, on October 23-24, 2019, in *The Huffington Post*.

81.     Ms. Olswezski's fabricated statements were intended to and indeed did impute that SMSgt (Ret) Cardin committed criminal offenses punishable by a sentence of multiple years in the state prisons.  And, as Ms. Olszewski intended, Erik Cardin was arrested and charged with a criminal offense.  Most recently, he was arrested and incarcerated in Alexandria, Virginia.

82.     Ms. Olswezski's fabricated statements also impugned SMSgt (Ret) Cardin's fitness and integrity to work in the Defense Community, and as a result of those statements, Erik Cardin's TOP SECRET security clearance has been suspended.  Erik Cardin is unable to obtain any professional position requiring any type of security clearance. This severely limits the jobs he can acquire and limits his ability to earn a wage commensurate with his professional skills and experience.

83.     Ms. Olszewski's fabricated statements about Erik Cardin's conduct were knowingly false and establish Ms. Olszewski's reckless and willful disregard for the truth.

84.     Worse yet, Ms. Olszewski's defamatory statements were motivated by actual malice towards him, and her acts show willful and wanton disregard for Erik Cardin's rights.

85.     As a result of Ms. Olszewski's statements and conduct, the injury to Erik Cardin's personal and business reputation, humiliation, and emotional harm and embarrassment should be presumed.

86.     Ms. Olswezski's statements are defamatory *per se*.   From *Carwile v. Richmond Newspapers*, 196 Va. 1, 7, 82 S.E.2d 588, 591 (1954), under Virginia law.

> ... defamatory words which are actionable per *se are (1) those which impute to a person the commission of some criminal offense* involving moral turpitude, for which the party, if the charge is true, may be indicted and punished; ... and (4) those which prejudice such person in his or her profession or trade.

87.     Erik Cardin has been damaged by Ms. Olszewski's conduct as alleged in this Count, and SMSgt (Ret.) Cardin claims $500,000 of actual and presumed damages, including damages for humiliation and harm to his professional reputation, and including emotional upset and embarrassment, and $350,000 punitive damages, against Ms. Olszewski.

## Count 2

### -- Malicious Prosecution --

88.     Plaintiff Erik J. Cardin repeats and realleges facts as set forth in Paragraphs 1-87 above.

89.     Ms. Olszewski, by her false statements described above and by his insistence and demands that SMSgt (Ret.) Cardin be arrested and charged with a criminal offense, maliciously initiated and continued the criminal proceedings that were brought against him.

90.     The claims Ms. Olszewski alleged were dismissed.

91.     Erik Cardin was damaged by Ms. Olszewski's malicious prosecution as described above and as presumed in the law, and for this Erik Cardin claims compensatory damages,

including general damages for harm to reputation that normally result from accusations as alleged in this Complaint and for distress that normally results from criminal proceedings, of $200,000.

92.     Erik Cardin also claims as damages his attorneys' fees for his defense in the criminal proceedings and in the prosecution of the Malicious Prosecution claim in this civil action.  This recovery of attorneys' fees is a recognized exception in malicious prosecution actions under Virginia law to the general rule regarding recovery of attorneys' fees. *See Prospect Dev. Co. v. Bershader*, 258 Va. 75, 92, 515 S.E.2d 291, 300–01 (1999).  SMSgt (Ret.) Cardin's reasonable attorneys' fees to date are more than $53,000 and will very likely exceed $100,000.

93.     Ms. Olszewski's malicious prosecution was motivated by actual malice towards Erik Cardin, and her acts confirm willful and wanton disregard for Erik Cardin's rights.  For this, Erik Cardin seeks $350,000 in punitive damages.

### Count 3

### Tortious Interference with Business Expectancy

94.     Plaintiff Erik J. Cardin repeats and realleges facts as set forth in Paragraphs 1-93 above.

95.     Erik Cardin had the reasonable expectancy of a continuing business relationship with Booz Allen at a salary of more than $100,000 per year, and likely more as he progressed in the business.

96.     Ms. Olszewski learned of SMSgt (Ret.) Cardin employment by Booz Allen, and took intentional actions that caused his TOP SECRET clearance to be suspended.  Absent this

suspension, Erik Cardin likely would most likely have continued in the business relationship with Booz Allen.

97.     Plaintiff Erik Cardin is damaged by Ms. Olszewski's tortious interference with his employment by Booz Allen in sum to be proven at trial but certainly greater than $500,000.

98.     Moreover, Ms. Olszewski's actions confirm willful and wanton disregard for Erik Cardin's rights. For this, the Court should award SMSgt (Ret) Cardin $350,000 in punitive damages.

## REQUESTED RELIEF

A.     Plaintiff Erik J Cardin first seeks compensatory and punitive damages as set forth above.

B.     Plaintiff Erik Cardin requests the Court to issue an injunction barring Ms. Olszewski for a period of five years from making or publishing any public statements about him, his past military service, their relationship and its termination, and/or her claims against him.

C.     Plaintiff Erik Cardin requests the Court to issue an injunction requiring Ms. Olszewski to fully cooperate with any process required for SMSgt (Ret) Cardin to clear or remove her claims from the JPAS Database.

D.     He further requests this Court to issue an *Atkins* injunction that requires Ms. Olszewski for a period of five years to seek and obtain the approval of this Court before filing or asserting any claims for domestic abuse or stalking, including any claims for a Protective Order, against Erik Cardin,

E.     And, that the Court award him his legal fees and reasonable costs.

## JURY DEMAND

Plaintiff Erik Cardin demands that his claims in this Complaint be tried to a jury.

COMPLAINT FOR DAMAGES and INJUNCTIVE RELIEF

WHEREFORE, Plaintiff Erik J. Cardin asks this Court to enter judgment in his favor and against Defendant Leah M. Olszewski as set forth above, to award compensatory and punitive damages, and to award statutory costs and all such additional relief as this Court deems just and proper.

Respectfully submitted,

**ERIK J. CARDIN**
By Counsel

**REDMON, PEYTON & BRASWELL, LLP**

By: _____
James S. Kurz (VSB #16610)
510 King Street, Suite 301
Alexandria, VA  22314
Tel: (703) 684-2000/ Fax: (703) 684-5109
Email: JKurz@RPB-law.com

I, James S. Kurz, am a member in good standing of the bar of this Court.

_____
James S. Kurz (VSB #16610)

COMPLAINT FOR DAMAGES and INJUNCTIVE RELIEF