IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

- Alexandria Division -

|  |  |  |
|---|---|---|
| ERIK J. CARDIN | ) | |
| | ) | |
| versus | ) | Case No.:  1:19-cv-1646 LO/JFA |
| | ) | |
| LEAH M. OLSZEWSKI | ) | |
| | ) | |

# PLAINTIFF ERIK J. CARDIN'S RESPONSE
# TO MOTION TO COMPEL PRODUCTION OF
# ELECTRONICALLY STORED INFORMATION

Plaintiff/Counterclaim Defendant Erik J. Cardin responds to the Defendant's Motion to Compel Production of Electronically Stored Information.

Leah Olszewski argues in her Motion that Erik Cardin has not sufficiently searched his Electronically Stored Information (ESI).  Plaintiff Cardin responds in three sections.  He begins with an overview of this case because it is important to focus the case on the real issues.  Next, he reviews his ESI productions in the matter.  He then explains why his production is now satisfactory under the Federal Rules of Civil Procedure.

    1.    **Summary of the Case**

Two graphics explain much of this case.

*FIGURE 1: Timeline of the Erik Cardin/Leah Olszewski Relationship.*  This case focuses on the parties' October 11, 2017 relationship break-up and the aftermath.  Both parties are individuals; certainly, SMSgt (Ret.) Cardin is not wealthy.  His modest Air Force sergeant's retirement has been spent on this litigation and on his pursuit of a post-military career MBA degree.  Leah Olszewski is represented in this matter on a *pro bono* basis,

Erik Cardin and Leah Olszewski met in Northwest Florida in July 2016 via TINDER, an online dating website. In July 2016, he was 42 years old; Leah Olszewski was 41. He was a Senior Master Sergeant in the U.S. Air Force stationed at Hulburt Field east of Pensacola, FL. She was a Major in the Alabama National Guard. SMSgt. Cardin was awaiting orders – by early August 2016, the Air Force had transferred him to Travis AFB in Northern California. Their new relationship continued long distance at a relatively low level.



**FIGURE 1**

In August 2016, Ms. Olszewski surprised Erik Cardin when she arrived unannounced at the front gate of his apartment complex in California. The relationship continued with several coast-to-coast visits. In April 2017, Ms. Olszewski's Florida lease was expiring; Erik Cardin and Leah Olszewski agreed that she would move to California where they would share a house. She moved and they did.

The relationship frayed.  On October 11, 2017, Erik Cardin left the relationship.

Between October 12th and November 10th, Leah Olszewski sent Erik Cardin multiple Text Messages and Emails.  She messaged Erik Cardin stating, "I love you."  She continued, "I wanted to be closer to you."  He did not respond.  Even four weeks later, on November 8, 2017, she texted, "Your arms wrapped around me at night, fit so perfectly and the way so many people commented on the beautiful kids would have (sic)."

Erik Cardin texted Ms. Olszewski on Saturday, November 11, 2017 advising that he would be at the previously-shared house to retrieve his personal belongings.  He had arranged to have present a Vacaville, CA police officer, his commanding officer, and his 1st Sergeant.  Ms. Olszewski owned an arsenal of weapons and kept a loaded pistol in the house.  On November 23, 2017 Leah Olszewski emailed, "I hate you," and then "And now, you'll get exactly what you asked for … ."  A distressed Ms. Olszewski had texted as to what she was going to do.  The bold-red message in FIGURE 1 may at first look like verse, but is not poetry— it is her *Text Threat* sent to Erik Cardin on that Saturday morning.

SMSgt. Cardin remained at Travis AFB.  He retired from the Air Force on September 1, 2018.  He soon moved to the DC Metro area.  Leah Olszewski moved from California back to Northwest Florida in December 2017.  She later moved to Northern Virginia.

Other than in the multiple legal proceedings, Erik Cardin has not contacted or responded to Leah Olszewski since November 11, 2017.  His communications about Leah Olszewski are mostly with the nine lawyers who have represented him in the fifteen matters she has filed.

> ***Leah Olszewski's Reports, Air Force Complaints, Petitions, and Criminal Complaints.***

FIGURE 2 below identifies the fifteen Reports, Air Force Complaints, Petitions for Protective Orders, and Criminal Complaint filed by Leah Olszewski against Erik Cardin.  Nearly

everything focuses in one way or another on the October 2017 Break-up and her associated claims. Leah Olszewski has made Criminal Complaints against Erik Cardin (1) to the Air Force Office of Special Investigations, (2) in the City of Alexandria, Virginia and (3) in Arlington County, Virginia. These Criminal Complaints are in addition to her complaints within the military and her three *ex parte* Petitions for Protective Order. In 2019, after learning that Erik Cardin was enrolled in the MBA Program at Syracuse University, she filed a Title IX Complaint about Erik Cardin with the university.

Ms. Olszewski's April 2018 escalated allegations against Erik Cardin of physical abuse and "killing an unborn child" led directly to the Air Force's Office of Special Investigation ("OSI"). OSI conducted a comprehensive investigation, and then turned its findings over to the Judge Advocate General (the military equivalent of the state prosecutor). Ex. 1 is the OSI Report of Investigation (without exhibits). After reviewing the files and findings in the OSI Report, in August 2018 the military prosecutor declined to bring charges against SMSgt. Cardin.

Her May 2019 Alexandria Criminal Complaint against Erik Cardin for criminal stalking ended when the Commonwealth's Attorney moved for a *Nolle Prosequi* dismissal on June 11, 2019. Then Ms. Olszewski filed her Arlington County Criminal Complaint after 8:00 p.m. on October 31, 2019, the night before her scheduled Alexandria Circuit Court trial (she had appealed the General District Court's judgment denying her Petition for a Protective Order). On November 1, 2019, Ms. Olszewski's attorney in the Alexandria Petition matter withdrew her appeal. The Arlington Commonwealth's Attorney moved for a *Nolle Prosequi* dismissal on May 19, 2020. This second *Nolle Prosequi* put an end to Ms. Olszewski's Criminal Claim against Erik Cardin in Arlington County.

Ms. Olszewski's Counterclaim makes claims of physical abuse by Erik Cardin in July and October 2017, and alleges that she was pregnant and the October abuse caused her to miscarry. Her physical abuse claims against Erik Cardin were addressed and resolved adverse to her in (1) the Air Force Family Advocacy Program investigation and the 60th Air Mobility Wing Central Registry Board hearings in December 2017 and January 2018, (2) the Air Force Office of Special Investigations April-August 2018 investigation and the subsequent prosecutorial decision to not charge SMSgt. Cardin, and (3) the September 12, 2018 trial in Santa Rosa County, Florida Circuit Court that ended with a written order denying her *ex parte* Petition for a Protective Order.

**FIGURE 2**

**Vacaville, CA Police and District Attorney**
  Report – Oct. 11, 2017 (No Arrest/No Prosecution)
  Rev. Report – Nov. 17, 2017 (No Arrest/No Prosecution)

**United States Air Force – Complaints/Actions**
  Family Advocacy Program Complaint -- Nov. 17, 2017
  Central Registry Bd. Hearing #1 -- Dec. 19, 2017
  Central Registry Bd. Hearing #2 – Jan. 25, 2018
  Air Force Security Forces Complaint – Feb. 2, 2018
  Congressman Garamendi – Mar. 26, 2018
  Sec. of USAF/Insp Gen. – Mar. 27, 2018
  Off. of Spec. Investigations – Apr. 13, 2018 (see below)

*Ex Parte* **Protective Orders**
  Santa Rosa County, FL – filed Aug. 1, 2018
    Trial -- Sept. 12, 2018 (Petition Denied)
  Solano County, California – filed Sept. 20, 2018
    Trial continued four times (pending trial)
  Alexandria, Virginia – filed May 7, 2019
    Trial – July 10, 2019 (Petition Denied)
    Appeal withdrawn – Nov. 1, 2019
    (GDC Judgment affirmed)

**Criminal Complaints**
  US Air Force Office of Special Investigations
    Judge Advocate General – No Prosecution
  Alexandria, VA – filed May 7, 2019
    *Nolle Prosequi* – June 11, 2019
  Arlington, VA – filed Oct. 31, 2019
    *Nolle Prosequi* – May 19, 2020

**Syracuse University**
  Title IX Complaint – June 2019

Leah Olszewski has made the abuse claims part of other proceedings (for example, in the Alexandria trial of her Petition for a Protective Order she again testified about her abuse claims.)

5

The Counterclaim additionally alleges that Erik Cardin's Complaint regarding Leah Olszewski to the Alabama National Guard was harassment. The Investigation Report of LTC Thomas R. Harrold, the Guard officer assigned to investigate, is attached as Ex. 2. The Report was produced in discovery in this case by Ms. Olszewski.

2. **Plaintiff Erik Cardin's Document/ESI Searches and Productions.**

*Initial Disclosures -- 57 Pages of Erik Cardin's ESI*. Early in this case, Erik Cardin produced to Ms. Olszewski his files. This came in the Initial Disclosures where he produced 81 documents (117 MB). In several instances, a "document" includes many documents grouped or produced together. Included among the Initial Disclosure documents is his copy of the Air Force Office of Special Investigations Report/Exhibits. FIGURE 3 shows Mr. Cardin's aggregate production from November 20, 2020. This was produced via a Drop Box Link (using Drop Box, a production file was created and uploaded; the Link to the file gives download access to the file).



**FIGURE 3**

The Link[1] to the Cardin Initial Disclosures file was provided on November 20, 2020 to Defendant Olszewski's counsel, who then were able to download the entire file. As shown in FIGURE 3, Drop Box confirmed six views and three downloads of the file.

---

[1] The Drop Box link (https://www.dropbox.com/t/iaStHsPxI8TzB5Q6) was sent by email.

Included in Erik Cardin's Initial Disclosures is his copy of the Air Force Office of Special Investigations Report of Investigation from August 2018. Confirmation of Erik Cardin's timely service of his Initial Disclosures is in the Court's records of this case (PACER DKT #46).

In response to Leah Olszewski's criminal allegations, OSI opened and then conducted a comprehensive investigation. Erik Cardin, the SUBJECT of the investigation and at the time still

**FIGURE 4**



in the Air Force, fully cooperated with OSI. Both he and Ms. Olszewski produced Emails and Text Messages to the OSI investigators. Erik Cardin's "E-Mails and Text Messages" are included as Exhibit 12 to the OSI Report. The OSI Report with Exhibits is CARDIN ID Docs 035 through 049. Cardin ID Doc 0047 is the 57-page printout of the Emails and Text Messages that he provided to the OSI Investigators. Pages 1-5 and 56-57 of this printout are attached as Ex. 3 to this pleading. Ms. Olszewski's Text Messages provided to the OSI Investigators are attached as Ex. 4 (pages 1-5 and then the last two pages)

7

Erik Cardin never talked much about his work – he held a TOP SECRET clearance. Similarly, he did not talk or write much about Leah Olszewski. His tendency towards quiet and discretion carries over to his low-level online presence. He and she seemed to be at the opposite ends of a communications/online spectrum. While Leah Olszewski is and was a frequent FACEBOOK poster and a prolific texter, Erik Cardin says and writes very little. Luke Holoway, his Air Force co-worker, met with the OSI investigators and answered questions about SMSgt. Cardin, Holoway confirmed that Erik Cardin "*never talked about his issues with [Ms. Olszewski].*"

> HOLWAY met SUBJECT sometime mid-2016 through work and VICTIM during December 2016 at a Christmas party. SUBJECT and VICTIM seemed happy at **first** and SUBJECT never complained to HOLWAY about VICTIM at work. Sometime mid-2017, after VICTIM moved in with SUBJECT, they began to have issues. *SUBJECT never talked about his issues with VICTIM*. VICTIM began texting HOLWAY in July 2017. VICTIM was concerned about SUBJECT due to the issues they were having, but never went into details. After SUBJECT left VICTIM in October or November 2017, VICTIM texted HOLWAY and threatened to turn SUBJECT in to his leadership for what he had done to her, if SUBJECT did not contact her. … VICTIM mentioned financial and mental health issues, but never provided any details as to what she meant. HOLWAY asked VICTIM if SUBJECT had done anything to hurt her or if he had violated any laws to include the UCMJ. VICTIM replied SUBJECT had not. VICTIM mentioned a miscarriage occurred, but did not provide details. *When HOLWAY reached out to SUBJECT to check on him, he passed on the information VICTIM provided him. SUBJECT declined to provide any additional information to HOLWAY*. HOLWAY did not push for additional details. HOLWAY declined to provide a written statement.

Ex. 1, OSI Report ¶ 2-28 (Report at page 13).

The OSI Report of Investigation also included notes from the Investigator's meeting with Erik Cardin's First Sergeant, who reported about the November 11, 2017 property retrieval episode that SMSgt Cardin "seemed to be handling himself professionally and kept away from VICTIM …"

8

> [MSgt JASON] MASICLAT did not converse much with SUBJECT, but he seemed to be handling himself professionally and kept away from VICTIM. VICTIM was visibly distraught, to the point that MASICLAT asked if she would go to DGMC, TAFB, CA, to be evaluated. VICTIM agreed, and she was later checked into a mental health facility due to depression. When SUBJECT was PCA'd to 821 CRSS, he seemed like a fine Senior Non-Commissioned Officer (SNCO).

Ex. 1, OSI Report ¶ 2-12 (Report at page 9).

So, when Ms. Olszewski pursues ESI discovery from Erik Cardin, there really is little to be had. While there are 1100+ responsive Text Messages from the SENSEI analysis, this was 90%+ generated by Ms. Olszewski. These are all being produced. The SENSEI Extraction Report is Ex. 5 (first 5 pages and last 2 pages). Erik Cardin's emails are limited, and for the most part have been with the nine lawyers who have represented him in one or more of the fifteen matters Leah Olszewski has filed against him. The single exception was the series of emails with LTC Harrold of the Alabama National Guard where Erik Cardin provide answers to LTC Harrold's questions. The full set of emails with LTC Harrold is being produced.

***SENSEI Report and Messages***. In response to Ms. Olszewski's protests that Erik Cardin had not imaged his phone and searched the phone records, Mr. Cardin's counsel engaged SENSEI Enterprises, Inc. to image Erik Cardin's Samsung S-9 phone and to search the electronic files from the phone. The phone was shipped from Maine to Fairfax, Virginia on February 25, 2021. SENSEI confirmed receipt the next day. SENSEI made a forensic image of the phone, and then searched for all records relating to Leah Olszewski. The full SENSI Extraction Report is being produced. A segment is attached as Ex. 5 (first 5 pages and last 2 pages).

The returned records are in three parts. First, there is a file of responsive Text Messages There are 1114 messages: Three are with Mr. Cardin's Air Force co-worker, Luke Holoway, one is with an attorney who represented Mr. Cardin, several are with the Vacaville landlord, and the

9

remainder are messages between Erik Cardin and Leah Olszewski; she would have her own copies of these messages. The Holoway and landlord texts are produced; the attorney message is redacted; and the entire Cardin-Olszewski messages file is produced.

There are then three Instagram Messages. These are produced.

The third part includes several photographs. These, too, are produced.

Somehow, a video of a cat (likely one of Ms. Olszewski's cats) was on Erik Cardin's Samsung phone. Erring on the side of production, the Cat Video is also being produced.

***Search of Erik Cardin's Email Records.*** At the March 5, 2021 hearing in this matter on Erik Cardin's Motion to Overrule/Strike Objections, the Court explained that a search of a party's email records requires the attorney to participate in the search. Erik Cardin had previously searched his email accounts. On March 8, 2021, Counsel and Erik Cardin together searched Mr. Cardin's Gmail files and the more recently added the ProtonMail account. The cooperative search was completed using JOIN.ME, a collaboration product from LogMeIn.com. The JOIN.ME Website explains

> Stay connected everywhere with join.me! join.me includes audio and video conferencing by phone or internet (VoIP) so you can see and hear anything in real time… on your time. Share your screen with participants while using audio and video at the same time. You can zoom in and see the details of every discussion - even on your phone. Whether at home, at the airport, in the coffee shop – everyone can join in the conversation with join.me.

Using JOIN.ME, Erik Cardin shared his screen with his counsel. The audio connection was through JOIN.ME as well. Counsel could then direct and track Mr. Cardin's search of his Gmail and ProtonMail records.

***Gmail Records***. Counsel directed a search for all emails that mention in any way Leah Olszewski. This search returned about 320 emails . This subset, however, included

attorney/client communications with Mr. Cardin's multiple attorneys who have represented him in one or more of the fifteen matters, Removing the privileged messages narrowed the results to 106 emails. Many of these have been produced before, but this full sub-subset is produced.

*ProtonMail*. The ProtonMail email queue includes 50 emails to/from LTC Harrold of the Alabama National Guard. The Gmail messages with the Alabama National Guard were initially with another Alabama National Guard officer. But after the Guard concluded that their investigation needed to be reassigned, the communications changed. Hence, there is a cluster of emails with MAJ Jesse Howard, and then a series of emails with LTC Harrold.

### 3. *Erik Cardin's ESI Search Satisfies the Rule 26(b)(1) and Rule 34 Requirements.*

Leah Olszewski filed her "motion to compel Mr. Cardin to thoroughly search and produce electronically stored records responsive to Ms. Olszewski's document requests, with a search [or] review led by counsel or a third-party." Memo in Support at 5-6. Erik Cardin's search processes, as recently enhanced, are appropriate and reasonable. What he has done is also proportional under the provisions of Fed.R.Civ.P. Rule 26(b)(1).

The starting point for considering Plaintiff Cardin's document and ESI production is the scope of discovery under Fed.R.Civ.P. Rule 26(b)(1).

> **Scope in General.** Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

The review of the case issues in Section 1 above sets the reasonable boundaries. There is no good reasons to go outside of these boundaries – the case is sufficiently complex as is.

11

Defendant Olszewski's Requests for Production are made pursuant to Fed.R.Civ.P. Rule 34. In his responses, Erik Cardin searched his physical files, which included his *entire* files from the Air Force Office of Special Investigations Report of Investigation and his files on the multiple complaints and more filed against him by Ms. Olszewski. He has now had SENSEI image his Samsung S-9 phone and then search for everything on the phone that mentions in any way Leah Olszewski. And Erik Cardin, with his counsel logged-in via JOIN.ME and providing directions, searched his Gmail and ProtonMail email files. The Samsung phone and his email accounts are the ESI files "readily accessible in the ordinary course." These are being produced.

The search results and the subsequent production are consistent with what one would reasonably expect given who the parties are.

                                                                    ERIK J. CARDIN

                                                                    By Counsel

\_\_\_\_/s/ James S. Kurz_____

James S. Kurz (VSB #16610)
**REDMON PEYTON & BRASWELL LLP**
510 King Street, Suite 301
Alexandria, VA 22314
Ph: (703) 684-2000 ext. 12
JKurz@RPB-law.com

## CERTIFICATE OF SERVICE

I certify that a true copy of this Motion was filed on this the 10th day of March 2021 via the Court's ECF System, which filing is valid service on all counsel record.

          /s/ James S. Kurz_____
James S. Kurz (VSB #16610)
510 King Street, Suite 301
Alexandria, VA  22314
Tel: (703) 684-2000/ Fax: (703) 684-5109
Email: JKurz@RPB-law.com