IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ERIK J. CARDIN,<br><br>    *Plaintiff*,<br><br>v.<br><br>LEAH M. OLSZEWSKI,<br><br>    *Defendant.* | Civil Action No. 1:19cv01646 (LO/JFA) |

## MEMORANDUM IN OPPOSITION TO MR. CARDIN'S MOTION IN LIMINE REGARDING RECORDINGS OF ABUSE

    Defendant/Counterclaim Plaintiff Leah M. Olszewski respectfully requests that this Court deny Mr. Cardin's belated Motion *in limine* seeking to exclude recordings of abuse.

    Plaintiff's additional Motion *in limine* to exclude tapes reflecting Mr. Cardin's abuse is a transparent, last-ditch attempt to keep the jury from hearing key evidence. His arguments lack any merit. The California electronic eavesdropping statute does not bar the admission of these tapes, which fall squarely within the statutory exclusions. And, as previously set forth (and ruled upon by the Court), these tapes are (and always have been) directly relevant to whether Mr. Cardin abused Leah Olszewski while the parties were in a romantic relationship and living together from April 2017 to October 2017. Lastly, Mr. Cardin has waived any objection under the eavesdropping statute by failing to raise it in prior proceedings while testifying about the contents, and also failing to raise these grounds in his first attempt to exclude the recordings in this case.

**ARGUMENT**

**I.  THE RECORDING WAS NOT UNLAWFUL AND IS ADMISSIBLE UNDER CALIFORNIA LAW.**

Mr. Cardin incorrectly contends that Ms. Olszewski's recording of his abuse violates to California Penal Code Section 632, which prohibits recording certain confidential conversations[1] without the consent of all parties.  *See* Cal. Pen. Code § 632.

He acknowledges that there are exceptions to this rule, which are clearly applicable here, but then asks the Court to narrowly read the exceptions in a way that has been explicitly rejected by numerous California courts.

There are specific statutory carve-outs to California's prohibition on recording confidential conversations:  As relevant here, these exceptions allow for recording such conversations:

- Where the recording is made for the purpose of obtaining evidence reasonably believed to relate the commission of any felony involving violence against the person, including domestic violence.  *See* Cal. Penal Code § 633.5; and

- Where a victim of domestic violence who is seeking a domestic violence restraining order from a court and who reasonably believes that a confidential communication made to him or her by the perpetrator may contain evidence germane to that restraining order, may record that communication for the exclusive purpose and use of providing that evidence to the court.  *See* Cal. Penal Code § 633.6.

When any exception to California's general prohibition on recording confidential applies, California courts have repeatedly held that the corresponding "exclusionary rule" under Cal. Penal Code § 632 <u>does not</u> apply and the evidence is admissible (subject to the general rules of evidence).

---

[1] Whether a communication is confidential is based on whether a party to the conversation had an objectively reasonable expectation that they were not being recorded.  *Flanagan v. Flanagan*, 27 Cal. 4th 766, 774, 41 P.3d 575, 580 (2002).  Given the abusive substance of the communication, it is not objectively reasonable that — if she had the means to do so — Ms. Olszewski would not have recorded the communication. Moreover, based on the parties' testimony in prior proceedings, a factual dispute exists over whether Mr. Cardin knew or suspected the conversations were being recorded.

*See People v. Parra*, 165 Cal. App. 3d 874, 880–81, 212 Cal. Rptr. 53, 56 (Ct. App. 1985) ("..[W]e commence with the general proposition that unless unlawfully obtained, all relevant evidence is admissible and section 633.5 makes it explicit that where, as here, the tape recording of a telephone communication is made for the purpose of obtaining evidence relating to the felonies listed in the statute, the recording is not prohibited by either section 631 or section 632-hence, such evidence was not unlawfully obtained."). *See also In re Trever P.*, 14 Cal. App. 5th 486, 501, 221 Cal. Rptr. 3d 871, 882 (2017) ("if the conduct is not unlawful under the statute, the statute's exclusionary provision is not triggered.")

This is so regardless of whether the evidence is being admitted in a criminal prosecution for the felony or in any other proceeding. *See Telish v. State Pers. Bd.*, 234 Cal. App. 4th 1479, 1490, 184 Cal. Rptr. 3d 873, 881–82 (2015), as modified (Mar. 13, 2015) ("…nothing in section 632, subdivision (d) limits the use of duly recorded communications to criminal proceedings or precludes their use in administrative proceedings."); *Tual v. Blake*, No. B191050, 2008 WL 1838617, at *8–10 (Cal. Ct. App. Apr. 25, 2008) (unpublished decision) (affirming decision to admit audio in wrongful death matter); *People v. Parra*, 165 Cal. App. 3d 874, 880–81, 212 Cal. Rptr. 53, 56 (Ct. App. 1985) (affirming decision to admit recordings in criminal prosecution for grand theft — not an enumerated felony under Section 633.5 — because the recording was made for purposes of obtaining evidence of an enumerated felony). *See also Lubetzky v. State Bar*, 54 Cal. 3d 308, 320–21, 815 P.2d 341, 348–49 (1991) (compiling cases and noting that all of the California appellate courts examining the relationship between Penal Code sections 632 and 633.5 "have concluded—correctly—that the latter exempts from the former an unconsented recording made with the requisite reasonable belief although the recording fails to capture the anticipated

3

evidence … or the initial purpose of the recording is self-protection rather than to gather evidence for use in a criminal prosecution") (internal citations omitted).

If the recording is lawful under Cal. Penal Code § 633.5 or Cal. Penal Code § 633.6, it may be admitted.[2]

Here, Ms. Olszewski can establish at trial — and there is no contradictory evidence offered — that the recording was made for the purpose of obtaining evidence reasonably believed to relate to Mr. Cardin's domestic abuse of her, and ultimately, shared with law enforcement officers, the Air Force, and courts to obtain a restraining order against Mr. Cardin and to protect herself.

The recordings, therefore, were lawfully made under Cal. Penal Code § 633.5 and § 633.5 are admissible. Any contrary result would allow those like Mr. Cardin caught in the act of abuse on tape to keep evidence hidden by claiming that they did not consent to being recorded. The statute and governing case law do not and cannot countenance such a result.

## II. THE RECORDINGS ARE DIRECTLY RELEVANT TO THE COUNTERCLAIM.

Additionally, as previously argued by Ms. Olszewski (and ruled upon by the Court), the evidence is directly relevant to her counterclaim, which has alleged a pattern of physical and emotional abuse during the time period from April 2017 to October 2017, while the parties lived together. (*See* Dkt. No. 153 and 154.)

The recordings, especially those of Mr. Cardin's threats of physical violence, are highly probative of Ms. Olszewski's domestic violence counterclaim. In fact, they themselves constitute

---

[2] Further, even unlawfully recorded conversations are admissible to impeach a witness making statements inconsistent with those conversations. *See Frio v. Superior Ct.*, 203 Cal. App. 3d 1480, 1497, 250 Cal. Rptr. 819, 829 (Ct. App. 1988), *modified* (Sept. 22, 1988)("the evidentiary sanction of section 632, subdivision (d), cannot be construed so as to confer upon a testifying witness the right to commit perjury.")

abuse for purposes of the California domestic violence tort, as set forth in Ms. Olszewksi's Opposition to Mr. Cardin's motion *in limine* to limit the scope of the trial. (Dkt. 166).

These recordings are not unfairly prejudicial: Only a risk of *unfair* prejudice that substantially outweighs the probative value of the evidence will justify exclusion. *U.S. v. Grimmond*, 137 F.3d 823, 833 (4th Cir. 1998) ("[D]amage to a defendant's case is not a basis for excluding probative evidence. And for good reason. Evidence that is highly probative invariably will be prejudicial to the defense."). The recordings here—objective evidence of Mr. Cardin's abusive behavior—are only prejudicial to him precisely *because* they are so probative.

### III. MR. CARDIN HAS WAIVED ARGUMENTS REGARDING THE ADMISSIBILITY OF THE AUDIO BY NOT RAISING THEM PREVIOUSLY.

Mr. Cardin has had ample opportunity to raise an objection under California Penal Code Section 632 to the audio recordings of his abusive behavior. That he has not done so, both in prior proceedings and in this proceeding, until the week before trial constitutes a waiver of those objections, and speaks to the lack of merit in his contentions.

The exclusionary rule under California law that Mr. Cardin relies on is not absolute. A recorded party waives his objection to admission of the recordings in certain circumstances, such seeking to introduce portions of it or opening the door through his own testimony as to the contents of the recorded conversations. *See White v. City of Pasadena*, 2009 WL 1234094 at *14, (Cal. Ct. App. May 7, 2009) (unpublished) (quoting *Frio v. Superior Court*, 203 Cal.App.3d at 1480, 1493, n. 5 (Cal. Ct. App. 1988)). Failing to timely object to the admission of evidence under Penal Code Section 632 also constitutes a waiver. *See e.g.*, *People v. Thompson*, 2003 WL 22753612, at *49 (Cal. Ct. App. Nov. 21, 2003) (unpublished).

Here, there are several grounds for finding Mr. Cardin's objection waived. First, his motion is late. Mr. Cardin has already moved to exclude these audio recordings, arguing that they are

5

irrelevant and unfairly prejudicial (Dkt. 124 at 10). He raised no objection that the recordings were inadmissible under California law. The Court denied this motion, spurring Mr. Cardin's search for a new argument to exclude these recordings. His new filing comes on the eve of trial — well after the deadline for motions *in limine*, which the Court imposed with both parties' agreement. (Dkt. 158 at 1) (ordering that "motions *in limine* should be filed no later than June 16, 2021"). Because Mr. Cardin already had one bite at the apple on his original motion *in limine*, he cannot now inject a new argument into the mix after the deadline has passed. By sitting on this argument and waiting to sandbag Ms. Olszewski with it at the last possible moment, Mr. Cardin has prejudiced Ms. Olszewski's trial preparations and her ability to respond to this motion on the briefing schedule agreed to and ordered by the Court.

  Nor can Mr. Cardin claim any surprise over these audio recordings based on his own prior references and testimony. He has been aware the recordings exist at least since he was reprimanded by the Air Force for his threats, and he has testified about these threats on multiple occasions. Mr. Cardin even referenced the recordings in his Second Amended Complaint. (Dkt. 27 at ¶ 28). He acknowledged that he made threats "in an ugly California confrontation with Ms. Olszewski, a screaming match that she initiated and recorded." (*Id.*) He also admits that the Air Force reprimanded him for these threats. (*Id.*). Mr. Cardin has thus opened the door to the recordings through his prior testimony and references. Based on his own pleadings, it should hardly come as a shock to Mr. Cardin that the recordings would be evidence in this case. Still he failed to raise an objection under the eavesdropping statute in his timely motion *in limine* directed at the recordings.

  Mr. Cardin also failed to raise any objection to the recordings in prior proceedings. This failure constitutes waiver. In a Florida protective order matter, the recordings were referenced when Mr. Cardin admitted on direct examination that he made a statement that he would knock

6

Ms. Olszewski's teeth out. (Hearing Tr. at 554:11–24, Sept. 12, 2018, Case No. 2018 DR 1260, Santa Rosa County Circuit Court). The recording of this statement was also played in open court at the Virginia civil protective order hearing. (Hearing Tr. at 14:22–15:19, 71:18–72:10, July 10, 2019, Case No. GV19002935, Alexandria General District Court). Indeed, when counsel asked the court's permission to play the audio recording, Mr. Cardin's attorney stated affirmatively that he had no objection. (*Id.* 15:12–19). He thus knowingly relinquished any possible objection under California Penal Code Section 632 by not raising it when he had the opportunity. He should not be allowed to do so for the first time at this late stage.

The Court should view Plaintiff's motion for what it is: A last-ditch attempt to exclude evidence the Court already ruled admissible, based on a new objection that Plaintiff could have raised on numerous previous occasions but chose not to. The motion should be denied.

Dated: July 8, 2021                                     Respectfully submitted,

/s/ *Christine N. Walz*
Christine N. Walz (VSB No. 79181)
Katherine A. Skeele (*pro hac vice*)
HOLLAND & KNIGHT LLP
31 West 52nd Street, 12th Floor
New York, NY 10019
Tele: 212.513.3200
Fax: 212.385.9010
christine.walz@hklaw.com
katherine.skeele@hklaw.com

Jennifer M. Becker (*pro hac vice*)
LEGAL MOMENTUM
32 Broadway, Suite 1801
New York, NY 10004
Tele: 212.925.6635
Fax: 212.226.1066
jbecker@legalmomentum.org

7

          Robert J. Farlow (VSB No. 87507)
          Kevin M. D'Olivo (VSB No. 90655)
          HOLLAND & KNIGHT LLP
          1650 Tysons Blvd., Suite 1700
          Tysons, VA  22102
          Tele: 703.720.8600
          Fax: 703.720.8610
          robert.farlow@hklaw.com
          kevin.dolivo@hklaw.com

          *Counsel for Defendant/Counterclaim Plaintiff Leah M. Olszewski*

## CERTIFICATE OF SERVICE

  I hereby certify that on this 8th day of July, 2021, I electronically filed the foregoing document using the Court's CM/ECF system, and a copy of this filing will be sent electronically to the registered participants, as identified on the Notice of Electronic Filing.

          */s/ Christine N. Walz*
          Christine N. Walz (VSB No. 79181)

          *Counsel for Defendant/Counterclaim Plaintiff Leah Olszewski*