

# REDMON, PEYTON & BRASWELL LLP

James S. Kurz
JKurz@RPB-law.com
(703) 684-2000

July 8, 2021

**Via Personal Delivery**

Judge Liam O'Grady
United States District Court
 for the Eastern District of Virginia
401 Courthouse Square
Alexandria, VA  22314

Re:    Erik J. Cardin v. Leah M. Olszewski, Case No. 1:19cv1646 (LO/JFA)

Judge O'Grady,

I write to follow-up on the June 25, 2021 hearing on the parties' Motions *in limine,* the Orders that came afterwards, and the remaining pre-trial issues.  As directed in the June 28th Order (DKT # 174), we have obtained a transcript of the hearing from Scott Wallace, your Court Reporter.

In further response to the Court's Orders and directions:

1. We filed Plaintiff Cardin's proposed Voir Dire, Jury Instructions, and Verdict Form (DKT ## 183 and 184). The parties exchanged these on July 2, 2021, and we filed the same with the Court via ECF that day.  The redacted version of the Jury Instructions has been filed (DKT # 189).  Courtesy copies of all were delivered on July 7th.

2. We are delivering tomorrow morning to Chambers three sets of Plaintiff's Trial Exhibits.  One is the Clerk's copy, one is the Witness copy, and the third is for the Court's use.  We shipped the Cardin Trial Exhibits to Ms. Olszewski's New York counsel's office by FedEx for July 2, 2021 delivery.  Please note that we revised Cardin Ex. 1 to delete the word "Threats," and we have removed SMSgt. Cardin's Air Force resume and retirement papers from the Trial Exhibits.  The Legal Fees exhibits are still in the Binders, but will mostly be removed.  We have been on contact with Paulina Miller regarding the delivery of the binders.

510 King Street, Suite 301 • Alexandria, VA 22314 • (703) 684-2000 • *www.rpb-law.com*
Twitter @RPBAlexandria • Visit the EDVA Update Blog at *www.rpb-law.com/EDVAUpdate*

3. Your June 25th Oder requires that the parties provide added Proffers of Witness Testimony. The one witness Plaintiff Cardin must proffer is Thomas C. Carter. I filed with the Clerk last Friday the Carter Proffer (DKT # 182) and have provided a courtesy copy to you.

4. We have your June 28th Order regarding Cal. Civil Code § 1708.6. Before the start of the trial, I will renew again the Motion to Dismiss the Counterclaim as time-barred. While the Court directed that Ms. Olszewski may testify about her several allegations of physical violence, we are still uncertain what this encompasses. The parties' cohabitation began at the very end of April 2017 after Ms. Olszewski moved to Northern California. The Counterclaim identifies claimed physical violence on two dates – July 22, 2017 and October 11, 2017. The Interrogatory Answers claim four times, but the only other date given is June 15, 2017. By my count, this adds to three.

5. We still should resolve before trial the questions about Defendant Olszewski's Audio Recordings, and 9-1-1 calls. The Court has ordered that Ms. Olszewski's counsel provide transcripts of these no later than July 7th -- I received these late yesterday. I have the transcripts, and stand by my position that the recordings etc. are of minimal relevance to Ms. Olszewski's claims but are certainly prejudicial and should be excluded by FRE 403. I have additionally filed a Motion to Exclude the secretly-made Audio Recordings (DKT # 180). California Penal Code § 632(a) law makes it a *criminal offense* to secretly record confidential communications. Section 632(d) renders such recordings inadmissible in *any* proceeding.

6. A remaining issue is whether Ms. Olszewski may offer the testimony of two non-Virginia lawyers, Mr. Christensen and Ms. Ray, regarding her Advice of Counsel Defense for her Arlington Criminal Complaint. Prior to trial, I will ask for the Court to hear me on Va. Code § 16.1-253.2, the statutory bases for the Arlington Criminal Complaint. (I include the statute in the Cardin Proposed Jury Instructions as No. 23.) As I read the statute, Ms. Olszewski's Criminal Complaint does not fit within the statute under any circumstances. If I am right, then the only remaining Arlington Criminal Complaint remaining is Legal Malice.

7. Lastly, in the Cardin Trial Exhibits we designated portions of (i) Ms. Olszewski's April 8, 2021 deposition transcript, (ii) her sworn testimony in the July 2018 Santa Rosa, FL Circuit Court trial, and (iii) her sworn testimony in the July 2019 Alexandria trial, to be read at trial. These designations were made back in April 2021 (see DKT # 87-1, Ex. 27-1 and 27-2, 41-1 and 41-2, 67-1 and 67-2). We have thinned the readings; the portions to be read are within the guardrails from the designations. I believe that no objections have been filed regarding the designations – if I am wrong on this, I am certain that Ms. Olszewski' counsel will correct me. I am providing today courtesy copies of the marked transcripts to the Court. I have also filed these items with the Clerk via ECF.

There are other open issues from June 25th, but we likely we address these as they come forward at trial.

Thank you,

        Very truly yours,

        James S. Kurz

Enclosures

cc:  Counsel of Record