
IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ERIK J. CARDIN,<br><br>*Plaintiff*,<br><br>v.<br><br>LEAH M. OLSZEWSKI,<br><br>*Defendant*. | Civil Action No. 1:19cv01646 (LO/JFA) |

**MEMORANDUM IN SUPPORT OF DEFENDANT/COUNTERCLAIM PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S PRETRIAL RULING EXCLUDING AUDIO RECORDINGS**

Christine N. Walz (VSB No. 79181)
Katherine A. Skeele (*pro hac vice*)
HOLLAND & KNIGHT LLP
31 West 52nd Street, 12th Floor
New York, NY 10019
Tele: 212.513.3200
Fax: 212.385.9010
christine.walz@hklaw.com
katherine.skeele@hklaw.com

Robert J. Farlow (VSB No. 87507)
Kevin M. D'Olivo (VSB No. 90655)
HOLLAND & KNIGHT LLP
1650 Tysons Blvd., Suite 1700
Tysons, VA 22102
Tele: 703.720.8600
Fax: 703.720.8610
robert.farlow@hklaw.com
kevin.dolivo@hklaw.com

Jennifer M. Becker (*pro hac vice*)
LEGAL MOMENTUM
32 Broadway, Suite 1801
New York, NY 10004
Tele: 212.925.6635
Fax: 212.226.1066
jbecker@legalmomentum.org

*Counsel for Defendant/Counterclaim
Plaintiff Leah M. Olszewski*

## I. PRELIMINARY STATEMENT

"The ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003). Prior to empaneling the jury in this matter, this Court heard further argument on Defendant/ Counterclaim Plaintiff Leah M. Olszewski's Motion *in Limine* to Admit Audio Recordings of Mr, Cardin's Verbal Threats of Violence (Dkt. 153), having recently directed Ms. Olszewski's counsel to submit transcripts of those audio recording. *See* Dkt. 178 (Hr'g Tr. at 74:20 – 75:5). During this pretrial hearing, the Court raised an argument, *sua sponte*, which Mr. Cardin never made: That a 2017 Amendment to Section 633.5 of the California Penal Code came into effect after the date(s) on which the audio recordings were made, and therefore, the pre-2017 statutory framework to Section 633.5 applied, barring the admission of those audio recordings.

Given the importance of this evidentiary issue to Ms. Olszewski's case and the incomplete authority and circumstances presented to the Court during the pretrial conference, Ms. Olszewski respectfully moves the Court to reconsider its pretrial ruling with respect to one audio recording — Olszewski Trial Exhibit No. 1.[1] Accordingly, and for the reasons stated herein, Ms. Olszewski submits that her motion for reconsideration is appropriately granted in this instance, where "the Court has patently misunderstood a party . . . or has made an error not of reasoning but of apprehension." *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983).

---

[1] Ms. Olszewski produced this audio recording in its native .m4a file to Mr. Cardin's counsel during civil discovery in this matter, along with a Bates stamped slip sheet that includes the file name and date of the audio recording. *See* Olszewski Trial Exhibit No. 1, Slip Sheet ("Produced in Native Format File Name: Recording of Erik Cardin June 15 2017.m4a").

2

## II. STANDARD OF REVIEW

"Under Rule 54(b), any order that 'adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . is subject to revision at any time before the entry of judgment.' Thus, 'a district court retains the power to reconsider and modify its interlocutory judgments.'" *Touchcom v. Bereskin & Parr*, 790 F. Supp. 2d 435, 463 (E.D. Va. 2011) (quoting *Am. Canoe Ass'n v. Murphy Farms*, 326 F.3d 505, 514–15 (4th Cir. 2003)). Additionally, "reconsideration of an interlocutory order is not subject to the heightened standards that apply to reconsideration of declaratory judgments. Instead, the Court may exercise its discretion to afford relief from his interlocutory orders 'as justice requires.' *Id.* (quoting *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1473 (4th Cir. 1991)). "The discovery of substantially different evidence, a subsequent change in the controlling applicable law, or the clearly erroneous nature of an earlier ruling would all justify reconsideration." *Id* (citing *Am. Canoe Ass'n*, 326 F.3d at 514). The standard is flexible, sometimes expressed by example, demonstrating the flexibility necessary to allow a Court to serve the interests of justice by reconsidering a prior order. A motion to reconsider is, therefore, also expressed as "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for motion to reconsider would be a controlling or significant change in the law or facts since submission to the Court." *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983).

## III. ARGUMENT

Ms. Olszewski respectfully submits that the incomplete authority presented to the Court on July 12, 2021, in addition to misunderstanding the foundation to be laid during trial through Ms.

Olszewski's testimony, resulted in a premature determination of admissibility with respect to Olszewski Trial Exhibit No. 1, which does not comport with applicable California law or serve the interests of justice.

### A. Prior to the 2017 amendment to Section 633.5 of the California Penal Code, the exclusionary rule under Section 632(d) was held not to apply in cases where the jury could find, by a preponderance of the evidence, that the victim recording the conversation reasonably anticipated an act of domestic violence.

One case applying Section 633.5 of the California Penal Code warrants careful consideration by this Court, as it analyzed whether a California trial court properly admitted an audio recording at trial over the objection of the defendant, who was ultimately convicted of attempting to make a criminal threat. *See People v. Butler*, No. D073612, 2018 WL 3342844 (Cal. App. 4th Dist. July 9, 2018) (unpublished). The audio recording at issue in *People v. Butler* involved the victim recording a domestic dispute (via her cell phone) that occurred on October 23, 2014. Based on the date of this recording, both the trial court and appellate court considered the audio recording's admissibility of under the pre-2017 amendment structure of Section 633.5.

Butler's wife began recording with her cell phone on October 23, 2014, shortly after Butler began yelling in their residence — specifically, yelling directed at her and their son. At trial, Butler's wife testified that his demands and aggressive movements frightened her, especially as there was a prior physical altercation between the couple. Accordingly, at that time, Butler's wife grabbed her phone and pressed the record button, which captured the following statement made by Butler:

> I'm gonna say this to you one fuckin' time and one time only. You have about one freakin' millisecond before I twist your head off like a fuckin' chicken in the goddamn field.

*Id.* at 1. Prior to trial, Butler filed a motion *in limine* seeking to exclude this audio recording under Section 632, arguing that it should be excluded because his wife did not seek his consent to record

4

their conversation. The trial court denied defendant's motion *in limine* and allowed the audio recording to be admitted and played at trial, stating:

> It looks like we have a disagreement with regard to the definition of confidential communication, because I don't—I don't—to me what this was—it's not even a confidential form of communication. This was a loud—loud violent argument that took place in front of other people, whether they were right there or they were right outside the door. And when [the statute] says that it excludes communication in any circumstance which the parties' communication may reasonably expect to be overheard, it seems to me to take it out of the confidential communication definition altogether. So I'm going to base my decision on that.
>
> But to make it clear, that even if someone disagrees with me and says no, you're wrong about that, this is a qualifying confidential communication, I think the uncontroverted evidence regarding the situation when recording was initiated by (Ms. Doe) satisfies me that it comes within [section] 633.5. It was an overreaction by Mr. Butler to the situation. She described his demeanor, his aggressive body language, his threatening behavior. And then removing [his son] as a possible witness to what was going to go on, and then there's the contents of the actual tape, fully convinces me that she reasonably anticipated there may be violence there.

*Id.* at *2–3. The jury convicted Butler on the lesser included offense charged under Count 1 (Cal. Pen. Code § 422) of attempting to make a criminal threat. Butler then appealed several pretrial evidentiary rulings, including the trial court's decision to deny his motion *in limine* on both grounds stated above.

In denying Butler's appeal of this evidentiary ruling, the California appellate court noted that "even if the recording captures a confidential communication within the meaning of section 632, the court reasonably found it admissible under the exception found in section 633.5." *Id.* at *2. And while the appellate court did not find it necessary to reach a decision on the "confidential communication" prong of Butler's appeal, it did note: "A communication is 'confidential' under section 632, subdivision (c) 'if a party to the conversation had an *objectively reasonable expectation* that the conversation was *not been overheard or recorded*.'" *Id.* (quoting *Kight v. CashCall, Inc.*, 200 Cal. App. 4th, 1377, 1396 (Cal. App. 2003)); *see also Planned Parenthood*

5

*Federation of Am., Inc. v. Center for Medical Progress*, 214 F. Supp. 3d 808, 854 (N.D. Cal. 2016) (addressing Section 633.5 of the California Penal Code and stating: "Whether a belief is 'reasonable' is typically resolved by the finder of fact.")

In addressing the second prong of Butler's appeal, the California appellate court noted: "By convicting Butler only of attempting to make a criminal threat, the jury may have questioned whether [his wife] was actually in fear." *People v. Butler*, 2018 WL 3342844 at *4. However, consistent with applicable law, the appellate court reasoned that "[a] preliminary finding on a collateral fact affecting the admissibility of evidence is subject to proof by a preponderance of the evidence," and thus, "Butler . . . could not argue that such a finding would adversely impact the court's evidentiary ruling under section 633.5." *Id.* (citing *People v. Tewksbury*, 15 Cal.3d 953, 965, fn. 11 & 966 (Cal. 1976); *People v. Cottone*, 57 Cal. 4th 269, 286 (Cal. App. 2013); Evid. Code, §§ 115, 405). The appellate court then held that "[e]ven if the jury ultimately entertained a reasonable doubt as to whether Butler's statements made [his wife] actually fear for her safety, that would not undermine the preliminary *evidentiary* finding that [his wife] reasonably anticipated violence." *Id.* (citing *People v. Homick*, 55 Cal. 4th 816, 868 (Cal. App. 2012)). In concluding its decision to affirm the trial court's admission of the audio recording, the appellate court found that "[s]ubstantial evidence supports its finding that [Butler's wife] reasonably believed Butler would commit ***an act of domestic violence***, rendering the recording admissible under Evidence Code section 633.5." *Id.* (emphasis added).

> **B. In the alternative, the Court should provide Ms. Olszewski with an opportunity to lay a foundation for the admissibility of Olszewski Trial Exhibit No. 1, as the recording of a conversation between her and Mr. Cardin where there was no reasonable expectation of privacy.**

During the pretrial hearing on July 12, 2021, undersigned counsel reminded the Court that these audio recordings were never alleged to be "secret," and in violation of the California Penal

6

Code, until Mr. Cardin's counsel filed a motion amending his prior arguments in response to Ms. Olszewski's Motion *in Limine* to Admit Audio Recordings. *See* Dkt. 161.[2] In opposing Mr. Cardin's amended argument invoking California statutory authority for the first time, Ms. Olszewski addressed the legal merits, focusing on California case law involving recorded statements offered at trial, where, even if deemed "confidential" remained admissible.

Setting aside the 2017 Amendment raised by the Court, Ms. Olszewski's opposition cited authority to argue that "[w]hether a communication is confidential is based on whether a party to the conversation had an objectively reasonable expectation that they were not being recorded." Dkt. 193 at n.1 (*Flanagan v. Flanagan*, 41 P.3d 575, 580 (Cal. 2002)).  The opposition then notes that "based on the parties' testimony in prior proceedings, a factual dispute exists over whether Mr. Cardin knew or suspected the conversations were being recorded." *Id.* During the pretrial hearing, and with reference to this previously cited authority, Ms. Olszewski's counsel made clear that a proper foundation would be laid during Ms. Olszewski's testimony, detailing her decision to record arguments that Mr. Cardin would engage in, as his threats of violence and abuse began increasing in severity. Through this testimony, Ms. Olszewski will establish that Mr. Cardin was immediately on notice with respect to her decision to begin recording their conversations when his language towards her became abusive and violent.

Given the foundation that will first be laid prior to the admission of Olszewski Trial Exhibit No. 1, Ms. Olszewski requests that the Court permits such a foundation to be laid prior to deciding whether there was any reasonable expectation of privacy with respect to that audio recording.

---

[2] *Id.* at 27 (postulating, without factual support, that Ms. Olszewski "likely provoked arguments and then secretly recorded the exchanges" and inaccurately stating that "[t]he recordings are undated."). Ms. Olszewski's Motion in *Limine* to Admit Audio Recordings was argued before the Court (telephonically) on June 25, 2021. *See* Dkt No. 172. During this hearing, Mr. Cardin's counsel did not argue the audio recordings were barred by the California Penal Code.

## IV. CONCLUSION

For the reasons set forth herein, Ms. Olszewski respectfully requests that her Motion for Reconsideration of the Court's Pretrial Ruling Excluding Audio Recordings be granted with respect to Olszewski Trial Exhibit No. 1, and that she be permitted to present this crucial evidence of Mr. Cardin's recorded threats and verbal abuse.

Dated: July 13, 2021　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　/s/ *Christine N. Walz*
　　　　　　　　　　　　　　　　　　　　　Christine N. Walz (VSB No. 79181)
　　　　　　　　　　　　　　　　　　　　　Katherine A. Skeele (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　HOLLAND & KNIGHT LLP
　　　　　　　　　　　　　　　　　　　　　31 West 52nd Street, 12th Floor
　　　　　　　　　　　　　　　　　　　　　New York, NY 10019
　　　　　　　　　　　　　　　　　　　　　Tele: 212.513.3200
　　　　　　　　　　　　　　　　　　　　　Fax: 212.385.9010
　　　　　　　　　　　　　　　　　　　　　christine.walz@hklaw.com
　　　　　　　　　　　　　　　　　　　　　katherine.skeele@hklaw.com

　　　　　　　　　　　　　　　　　　　　　Jennifer M. Becker (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　LEGAL MOMENTUM
　　　　　　　　　　　　　　　　　　　　　32 Broadway, Suite 1801
　　　　　　　　　　　　　　　　　　　　　New York, NY 10004
　　　　　　　　　　　　　　　　　　　　　Tele: 212.925.6635
　　　　　　　　　　　　　　　　　　　　　Fax: 212.226.1066
　　　　　　　　　　　　　　　　　　　　　jbecker@legalmomentum.org

　　　　　　　　　　　　　　　　　　　　　Robert J. Farlow (VSB No. 87507)
　　　　　　　　　　　　　　　　　　　　　Kevin M. D'Olivo (VSB No. 90655)
　　　　　　　　　　　　　　　　　　　　　HOLLAND & KNIGHT LLP
　　　　　　　　　　　　　　　　　　　　　1650 Tysons Blvd., Suite 1700
　　　　　　　　　　　　　　　　　　　　　Tysons, VA  22102
　　　　　　　　　　　　　　　　　　　　　Tele: 703.720.8600
　　　　　　　　　　　　　　　　　　　　　Fax: 703.720.8610
　　　　　　　　　　　　　　　　　　　　　robert.farlow@hklaw.com
　　　　　　　　　　　　　　　　　　　　　kevin.dolivo@hklaw.com

　　　　　　　　　　　　　　　　　　　　　*Counsel for Defendant/Counterclaim Plaintiff Leah M. Olszewski*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of June, 2021, I electronically filed the foregoing document using the Court's CM/ECF system, and a copy of this filing will be sent electronically to the registered participants, as identified on the Notice of Electronic Filing.

*/s/ Christine N. Walz*
Christine N. Walz (VSB No. 79181)

*Counsel for Defendant/Counterclaim Plaintiff Leah M. Olszewski*