IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ERIK J. CARDIN, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>LEAH M. OLSZEWSKI, )<br>)<br>Defendant. )<br>) | Case No. 1:19-cv-01646<br>Hon. Liam O'Grady |

## ORDER

This matter came before the Court on Defendant Leah Olszewski's "motion for reconsideration of the Court's pretrial ruling excluding audio recordings." *See* Dkt. 201. The Court **DENIED** this motion for the reasons stated from the bench, and for the reasons set forth in its previous Order on Plaintiff Erik Cardin's "motion for the Court to consider California statutory authority on [his] motion to exclude secret audio recordings made in California." *See generally* Dkt. 203. The primary unpublished intermediate state court case on which Defendant's motion relies is contrary to the clear statutory and legislative history outlined in the Court's prior Order. *See id.* at 2–4. This authority relies, at least in part, on the wrong version of the statute with respect to the timing of the underlying events:

> We need not decide whether the recorded communication in this case was "confidential." Even if it was, the court reasonably found it admissible under section 633.5, which specifies that section 632 does not "prohibit one party to a confidential communication from recording the communication for the purpose of obtaining evidence reasonably believed to relate to the commission by another party to the communication of . . any felony involving violence against the person, including, but not limited to, . . . *domestic violence as defined in Section 13700.*" Evidence so obtained is not made inadmissible by section 632.

*People v. Butler*, 2018 WL 3342844, at *3 (Cal. Ct. App. July 9, 2018); *see also id.* at *1 (discussing the Defendants' verbal threats made on October 23, 2014).

Separately, the Court already determined by a preponderance of the evidence that Mr. Cardin had no objectively reasonable expectation of being recorded. *See* Dkt. 203, at 5 (citing *Bourjaily v. United States*, 483 U.S. 171, 175–76 (1987) (citing Fed. R. Evid. 401(a))). Allowing Ms. Olszewski to relitigate this decision by now "laying a foundation for the admissibility of Trial Exhibit No. 1" would result in an extraneous "trial within a trial" that is excessively collateral to this case.

    It is **SO ORDERED.**

July 15, 2021  
Alexandria, Virginia

Liam O'Grady  
United States District Judge