IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

- Alexandria Division -

|  |  |  |
|---|---|---|
| ERIK J. CARDIN | ) | |
| | ) | |
| versus | ) | Case No.:  1:19-cv-1646 LO/JFA |
| | ) | |
| LEAH M. OLSZEWSKI | ) | |
| | ) | |

# PLAINTIFF/COUNTERCLAIM DEFENDANT ERIK J. CARDIN'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR AN AWARD OF ATTORNEY'S FEES

Plaintiff/Counterclaim Defendant Erik J. Cardin has moved this Court for an Award of Attorney's Fees Incurred on successful Malicious Prosecution Claims. The claim is for $168,622.

## I.     INTRODUCTION and SUMMARY

This case went to trial on July 12, 2021. After a multi-day trial, the Jury returned its verdict on Friday afternoon, July 16, 2021 (DKT # 209). The Verdict is in favor or Erik Cardin on his Malicious Prosecution claims, including Jury findings that Defendant Leah Olszewski acted with both Legal Malice and Actual Malice. The Jury also found for Erik Cardin on Defendant's Counterclaim under a California tort statute. This court entered Judgment based on the Verdict on July 19, 2021 (DKT # 211)

Virginia law allows for an award of Attorney's Fees for the successful pursuit of a Malicious Prosecution claim. See *Prospect Dev. Co. v. Bershader*, 258 Va. 75, 92, 515 S.E.2d 291, 300–01 (1999) (see discussion below).

In the attach James Kurz Affidavit, the attorney's fees associated with Plaintiff Cardin's Malicious Prosecution claims are identified. Out of a total of roughly $448,000 in attorney's fees going back to December 2019, Plaintiff Cardin claim is for only 37.5% of the total fees, and the claimed fees are from March 1, 2021 through the Jury Trial and the court's Entry of Judgment.

In an Affidavit provided by Daniel Poretz, an expert on Attorney's Fees in this market, the claimed $168,622 in fees are confirmed to be both reasonable and necessary.

Plaintiff Erik Cardin's Motion for an Award of Attorney's Fees should be granted.

## II. ATTORNEY'S FEES REQUESTED IN SECOND AMENDED COMPLAINT

Plaintiff Erik Cardin filed his Second Amended Complaint (DKT # 29) on June 29, 2020. Count 2 of this pleading was for Malicious Prosecution tied to Criminal Complaints made by Defendant Leah Olszewski in Alexandria, Virginia (May 7, 2019) and then in Arlington Cunty, Virginia (October 31, 2019). At ¶ 94, the pleading claims reasonable attorney's fees tied to the Virginia Malicious Prosecution claims.

> 94. Erik Cardin also claims as damages his attorneys' fees for his defense in the criminal proceedings and in the prosecution of the Malicious Prosecution claim in this civil action. This recovery of attorneys' fees is a recognized exception in malicious prosecution actions under Virginia law to the general rule regarding recovery of attorneys' fees. S*ee Prospect Dev. Co. v. Bershade*r, 258 Va. 75, 92, 515 S.E.2d 291, 300–01 (1999). …

In the REQUSTED RELIEF section of the Second Amended Complaint, Plaintiff Cardin prayed "that the Court award him his legal fees and reasonable costs."

## III. THE JURY'S VERDICT AND JUDGMENT ENTERED.

The Jury's July 16, 2021 Verdict was in favor of Plaintiff Erik Cardin on both of his Malicious Prosecution claims. The Jury specifically found Legal Malice and also Actual Malice.

On Ms. Olszewski's Counterclaim, the Jury found for Erik Cardin and against Ms. Olszewski.

## IV. LEGAL BASIS FOR ATTORNEY'S FEES

While Virginia follows the American Rule that "ordinarily, attorneys' fees are not recoverable by a prevailing litigant in the absence of a specific contractual or statutory provision to the contrary." *Nusbaum v. Berlin,* 273 Va. 385, 400, 641 S.E.2d 494, 501 (2007). Virginia courts have recognized that

> There are, however, certain exceptions to this rule. For example, we have permitted a prevailing party, who prosecuted a cause of action for malicious prosecution or false imprisonment, to recover attorney's fees. *Burruss v. Hines,* 94 Va. 413, 420, 26 S.E. 875, 878 (1897); *Bolton v. Vellines,* 94 Va. 393, 404, 26 S.E. 847, 850 (1897).

*Prospect Dev. Co. v. Bershader*, 258 Va. 75, 92, 515 S.E.2d 291, 300–01 (1999).

Plaintiff Cardin should be permitted to recover a portion of his attorney's fees.

In *Burruss v. Hines*, 94 Va. 413, 420, 26 S.E. 875, 878 (1897), the Virginia Court held:

> The general rule is that counsel fees are not recoverable as damages; but on the trial of an action for malicious prosecution or false imprisonment, ***where exemplary damages are recoverable, the fees paid or incurred to counsel for defending the original suit or proceeding may be proved, and, if reasonable and necessarily incurred, may be taken into consideration by the jury in the assessment of damages***

In another 1897 case, *Bolton v. Vellines*, 94 Va. 393, 26 S.E. 847 (1897), the issue was whether an Instruction to the Jury allowing award of reasonable attorney's fees was objectionable. The Court ruled that such an instruction was not objectionable.

> The fifth instruction is as to the measure of damages, and the elements of damage to be considered by the jury. They are told that the damages awarded must be compensatory for the loss of time; for the suffering, bodily and mental, sustained by reason of such wrongful act or acts; ***and for expenses incurred in procuring discharge from restraint, including a reasonable attorney's fee***. The jury are then

3

>instructed that, if they believe the act to have been committed by the defendants with malice, they may also award to the plaintiff punitive damages. This instruction is unobjectionable.

While *Burrus* and *Bolton* are old law, they have not been reversed. This Court should apply the law from these decisions in the case at bar.

The Court , in its July 1, 2021 Order (DKT # 179) precluded admission in evidence at trial of the majority of fees, but this left open a post-trial Motion for Attorney's Fees based on the Virginia law cited above.

### V. PLAINTIFF CARDIN'S SUPPORTED CLAIM FOR AN AWARD OF $168,622 IN ATTORNEY'S FEES

This case became expensive as the case approached trial. The Court observed at trial that Defendant Olszewski's defense team included five attorneys who were active in the trial; more attorneys were seemingly working behind the scenes. PACER shows 211 entries to this point.

#### A. Fees Incurred in the Successful Pursuit of Malicious Prosecution Claims

Plaintiff Cardin's Attorney's total fees added to roughly $448,000. Mr. Cardin, however, only claims fees now for only the period March 1, 2021 through the July trial and entry of Judgment. Of the $289,243 fees in this period, the claim is for $168,622.

James Kurz was the single attorney working on the case. His billing rate throughout the matter was $450/hour. When the Summer of 2021 arrived with trial set for July 12, 2021, the Firm hired Abigail Murray to assist with the trial preparations and with the trial itself; her time was billed at $98/hour.

Mr. Cardin's legal fees were relatively modest through the first 15 months – until March 2021. But then the parties started depositions and preparation of their dueling motions for Summary Judgment. Defendant Olszewski named an expert, and she made an 8.6 GB discovery dump in early March as the discovery cut-off loomed. This electronic production required 90

4

minutes *just to download* the files, and then reviewing the records took a toll. One of her exhibits was by itself more than 1950 pages long and included more than 3000 messages.

### B. The Claim Billing is in Three Segments.

FIGURE 1 identifies the three segments covered in this claim for Attorney's Fees.

**FIGURE 1**
**Summary of Attorney's Fees Claimed**

| | Billing Period | Total Fee Billings | Common to All Claims | | Malicious Prosecution | | Other |
|---|---|---|---|---|---|---|---|
| 1 | Mar 1-April 15, 2021 | $ 102,780 | 30% | $ 30,834 | 20% | $20,556.00 | 50% |
| | Apr 16-April 29, 2001 | $ 26,460 | 30% | $ 7,938 | 20% | $ 5,292.00 | 50% |
| 2 | May 1-May 17, 2020 | $ 13,320 | 30% | $ 3,996 | 35% | $ 4,662.00 | 35% |
| | May 17-End of May | $ 4,860 | 30% | $ 1,458 | 35% | $ 1,701.00 | 35% |
| 3 | Jun 1, 2021-Jul 19, 2021 | $ 141,823.00 | 30% | $ 42,547 | 35% | $49,638.05 | 35% |
| | | $ 289,243 | | $ 86,773 | | $ 81,849 | |
| | | | CLAIM | $168,622 | | | |

*March/April 2021*. The March/April billing added to $129,240. Of this, 30% is allocated to all Claims/Counterclaims, 20% to Malicious Prosecution, and 50% to the Counterclaim and other issues. The "All Claims/Counterclaim" represents the overall territory and the breadth of the Legal Malice issue in the case. Case law confirms that Legal Malice covers the Defendant's entire course of conduct towards the Plaintiff. *Patterson v. Lawhorn*, No. 1:15cv477 LMB/JFA, 2016 WL 3922051, at *6 (E.D. Va. July 20, 2016), *aff'd*, 685 F. App'x 258 (4th Cir. 2017); *Pallas v. Zaharopoulos*, 219 Va. 751, 250 S.E.2d 357 (1979). This necessarily kept the case on the entirety of the parties' relationship and on Defendant Olszewski's 2½-year fury campaign against Erik Cardin.

*May 2021*. May 2021 was relatively quiet, but the trial storm was approaching.

5

*June/July 20201*.  Starting after Memorial Day, the case kicked into high gear. Fees from June 1 through Trial add to $141,823.  Motions *in limine* dominated the work in June, but there was constant preparation for a trial of unknown dimensions  As trial approached, Defendant Olszewski still had 27 Trial Witnesses listed, and her Trial Exhibits required more than 8 GB (160 times Plaintiff Cardin's Trial Exhibits).  Plaintiff challenged the witnesses and exhibits in his Motions *in limine*, but the breadth of Defendant's apparent case was still astonishing, and the preparation had to cover to some degree the many identified witnesses and the mountain of exhibits.

The case was in trial for four days, with the Verdict returned on the fifth day.  The work allocation during this period is 30% for Common Issues and 35% for just the Malicious Prosecution; the remaining 35% is allocated to the Counterclaim.  Again, the fact issues of Legal Malice/Actual Malice consumed a great part of the effort as Defendant's threats and conduct covered 2½ years.

The Exhibit 1 Affidavit of James S. Kurz introduces the Redmon Peyton & Braswell five bills for the 4½ months covered in the claim. The RP&B Billings Records are then attached as Exhibits 1-A through 1-E.  The Affidavit of Daniel Poretz, the Fee Expert is Exhibit 2.  Mr. Poretz's Report is limited to confirmation that the fees claimed were reasonable and necessary.

## VI.    CONCLUSION.

The Court should award Plaintiff Cardin $168,622 in Attorney's Fees.

                                                           Respectfully submitted,

                                                           **ERIK J. CARDIN**
                                                           By Counsel

By:    __/s/ James S. Kurz_____
           James S. Kurz (VSB #16610)

**REDMON, PEYTON & BRASWELL, LLP**
510 King Street, Suite 301
Alexandria, VA  22314
Tel: (703) 684-2000/ Fax: (703) 684-5109
Email: JKurz@RPB-law.com

## CERTIFICATE OF SERVICE

I certify that a true copy of this Motion was filed on this the 30th day of July 2021 via the Court's ECF System, which filing is valid service on all counsel of record.

        /s/ James S. Kurz_____
James S. Kurz (VSB #16610)
510 King Street, Suite 301
Alexandria, VA  22314
Tel: (703) 684-2000/ Fax: (703) 684-5109
Email: JKurz@RPB-law.com